MITCHELL + COMPANY
Brian E. Mitchell (SBN 190095)
4 Embarcadero Center, Suite 1400
San Francisco, California 94111
Tel: 415-766-3514
Fax: 415-402-0058
brian.mitchell@mcolawoffices.com

Attorney for Plaintiff
INCASE DESIGNS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| INCASE DESIGNS, INC. | Case No.: |
|---|---|
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| MOPHIE, INC, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff Incase Designs, Inc. ("Plaintiff" or "Incase") complains as follows:

**NATURE OF ACTION**

1. This action arises under the Patent Laws of the United States, 35 U.S.C. §§100, *et seq.*

**JURISDICTION AND VENUE**

2. The Court has subject matter jurisdiction of this action under 28 U.S.C. §1331 and §1338(a) in that it arises under the United States Patent Laws.

3. Defendant Mophie, Inc. ("Defendant") is subject to this Court's specific and general personal jurisdiction because Defendant conducts extensive business in this Judicial District, has committed the acts complained of in this Judicial District, and has caused injury to

Plaintiff within this Judicial District by virtue of the acts of patent infringement that are described herein.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b). Defendant is transacting, doing and/or soliciting business and committing acts of patent infringement in this Judicial District and elsewhere in the United States.

## THE PARTIES

5. Incase is a global leader in the design, development, manufacture, and sale of carrying cases, bags, and covers for consumer electronics.

6. Upon information and belief, Defendant is a California corporation with its principal place of business at 760 S. Kalamazoo Street, Paw Paw, Michigan 49079. Defendant has been selling and offering to sell infringing tablet covers and battery pack cases within the United States, and within this District, all without consent from Plaintiff. Defendant's infringing products include, but are not necessarily limited to, the Workbook cover, the Mophie Juice Pack Plus, the Mophie Juice Pack Plus Outdoor Edition, the Mophie Juice Pack Air, and the Mophie Juice Pack Helium.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '008 Patent)

7. Plaintiff incorporates by reference and realleges each of the allegations set forth above.

8. On December 11, 2012, U.S. Patent No. 8,328,008 (the '008 Patent), entitled Case for Electronic Tablet, was issued for the invention of a novel case for consumer electronics and the methods for the manufacture of same. Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

9. On February 14, 2013, Plaintiff provided Defendant with actual notice of the '008 Patent and its infringement of same. Defendant is aware of the '008 Patent, yet it knowingly and actively induces consumers to use its infringing Workbook cover within the United States. Thus, Defendant actively induces infringement of the '008 Patent in violation of 35 U.S.C. § 271(b).

10. Since February 14, 2013, if not earlier, Defendant's patent infringement has been committed willfully with full knowledge of the '008 Patent.

11. Defendant has infringed and is still infringing the '008 Patent by making, selling, and using tablet covers that embody the patented invention, and Defendant will continue to do so unless enjoined by this court.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '997 Patent)

12. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-6 above.

13. On November 3, 2009, U.S. Patent No. 7,612,997 B1 (the '997 Patent), entitled Portable Electronic Device Case with Battery, was issued for the invention of a novel case for consumer electronics and the methods for the manufacture of same. Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

14. On February 14, 2013, Plaintiff provided Defendant with actual notice of the '997 Patent and its infringement of same. Defendant is aware of the '997 Patent, yet it knowingly and actively induces consumers to use its infringing Juice Pack Plus, Juice Pack Plus Outdoor Edition, Juice Pack Air, Juice Pack Helium within the United States. Thus, Defendant actively induces infringement of the '997 Patent in violation of 35 U.S.C. § 271(b).

15. Since February 14, 2013, if not earlier, Defendant's patent infringement has been committed willfully with full knowledge of the '997 Patent.

16. Defendant has infringed and is still infringing the '997 Patent by making, selling, and using battery pack cases that embody the patented invention, and Defendant will continue to do so unless enjoined by this court.

## THIRD CLAIM FOR RELIEF

### (Infringement of the '610 Patent)

17. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-6 above.

18. On August 24, 2010, U.S. Patent No. 7,782,610 B2 (the '610 Patent), entitled Portable Electronic Device Case with Battery, was issued for the invention of a novel case for consumer electronics and the methods for the manufacture of same. Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

19. On February 14, 2013, Plaintiff provided Defendant with actual notice of the '610 Patent and its infringement of same. Defendant is aware of the '610 Patent, yet it knowingly and actively induces consumers to use its infringing Juice Pack Plus, Juice Pack Plus Outdoor Edition, Juice Pack Air, Juice Pack Helium within the United States. Thus, Defendant actively induces infringement of the '610 Patent in violation of 35 U.S.C. § 271(b).

20. Since February 14, 2013, if not earlier, Defendant's patent infringement has been committed willfully with full knowledge of the '610 Patent.

21. Defendant has infringed and is still infringing the '610 Patent by making, selling, and using battery pack cases that embody the patented invention, and Defendant will continue to do so unless enjoined by this court.

## FOURTH CLAIM FOR RELIEF

### (Infringement of the '498 Patent)

22. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-6 above.

23. On February 15, 2011, U.S. Patent No. 7,889,498 B2 (the '498 Patent), entitled Portable Electronic Device Case with Battery, was issued for the invention of a novel case for consumer electronics. Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

24. On February 14, 2013, Plaintiff provided Defendant with actual notice of the '498 Patent and its infringement of same. Defendant is aware of the '498 Patent, yet it knowingly and actively induces consumers to use its infringing Juice Pack Plus, Juice Pack Plus Outdoor Edition, Juice Pack Air, Juice Pack Helium within the United States. Thus, Defendant actively induces infringement of the '498 Patent in violation of 35 U.S.C. § 271(b).

25. Since February 14, 2013, if not earlier, Defendant's patent infringement has been committed willfully with full knowledge of the '498 Patent.

26. Defendant has infringed and is still infringing the '498 Patent by making, selling, and using battery pack cases that embody the patented invention, and Defendant will continue to do so unless enjoined by this court.

**PRAYER FOR RELIEF**

Therefore, Plaintiff prays for judgment:

1. That Defendant has infringed the '008, '997, '610, and '498 Patents;

2. That Plaintiff be awarded damages from patent infringement according to proof and ordering that such damages be multiplied up to treble their amount;

3. Preliminarily and permanently enjoining Defendant and all others acting in concert with Defendant from making, using, selling, or offering to sell the infringing tablet covers, battery pack cases, or any other product that infringes the '008 Patent without permission or license from Plaintiff;

4. Preliminary and permanently enjoining Defendant and all others acting in concert with Defendant from making, using, selling, or offering to sell the infringing tablet covers, battery pack cases, or any other product that infringes the '997, '610, and '498 Patents without permission or license from Plaintiff;

5. That Defendant be ordered to deliver up to Plaintiff all products infringing the '008, '997, '610, and '498 Patents within its ownership, possession, or control for destruction by Plaintiff or, in the alternative, that the Court award a compulsory royalty for the current and future sale of such goods;

1  6. That the Court declare this to be an exceptional case pursuant to 35 U.S.C. §285, and award reasonable attorney's fees;

7. That the Court increase damages up to three times the amount found or assessed by the Court in Plaintiff's favor and against Defendant for its willful and deliberate infringement of the '008, '997, '610, and '498 Patents.

8. That Plaintiff be awarded its costs of suit, and pre- and post-judgment interest on any money judgment;

9. For such other relief as the Court deems proper.

Dated:  February 25, 2013

Respectfully submitted,

*/s/ Brian E. Mitchell*
Brian E. Mitchell
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:     (415) 766-3515
Facsimile:      (415) 402-0058
brian.mitchell@mcolawoffices.com

Attorney for Plaintiff
INCASE DESIGNS, INC.

FIRST AMENDED COMPLAINT

6

**JURY DEMAND**

Plaintiff demands a jury trial on all claims as to which it has a right to a jury.

Dated: February 25, 2013

Respectfully submitted,

*/s/ Brian E. Mitchell*
Brian E. Mitchell
MITCHELL + COMPANY
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3515
Facsimile: (415) 402-0058
brian.mitchell@mcolawoffices.com

Attorney for Plaintiff
INCASE DESIGNS, INC.