1
2
3
4
5
6

DUANE MORRIS LLP
Guy W. Chambers (SBN 101611)
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Tel: 415.957.3017
Telefax: 415.957.3001
gwchambers@duanemorris.com

Attorney for Defendant
MOPHIE INC.

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10       **(SAN FRANCISCO)**

11

12   INCASE DESIGNS, INC.

13              Plaintiff,

14       v.

15   MOPHIE INC.,                         Case No.: 3:13-cv-00602-RS

16              Defendants.               **DEFENDANT MOPHIE INC.'S
                                          ANSWER AND COUNTERCLAIMS**
17 ────────────────────────────          **FOR DECLARATORY JUDGMENT
                                          AND INTERFERENCE WITH**
18   MOPHIE INC.,                         **ADVANTAGEOUS BUSINESS
                                          RELATIONS**
19              Counterclaimant,

20       v.

21   INCASE DESIGNS, INC.

22              Counterdefendant.

23

24       Defendant, Mophie Inc. ("Mophie"),  answers the numbered paragraphs of Plaintiff Incase

25   Designs, Inc.'s "First Amended Complaint For Patent Infringement" as follows:

26                         <u>**NATURE OF ACTION**</u>

27       1.      Paragraph 1 contains jurisdictional allegations for which no response is necessary.

28

**JURISDICTION AND VENUE**

2.    Paragraph 2 contains jurisdictional allegations for which no response is necessary.

3.    Denied.

4.    Denied.

///

**THE PARTIES**

5.    Mophie lacks information sufficient to form a belief concerning the business status of Plaintiff Incase Designs, Inc. ("Plaintiff" or "Incase") and, therefore, denies the allegations of Paragraph 5.

6.    Mophie admits only that it is a California corporation.  Mophie denies the remaining allegations of Paragraph 6.

///

**FIRST CLAIM FOR RELIEF**

**(Infringement of the '008 Patent)**

7.    Mophie re-alleges and incorporates by reference its responses to each of the allegations set forth in paragraphs 1-6 above.

8.    Mophie admits only that U.S. Patent No. 8,328,008 ("'008 patent") entitled "Case For Electronic Tablet" was issued on December 11, 2012.  Mophie lacks information sufficient to form a belief concerning the true ownership of the '008 patent and, therefore, denies the remaining allegations of paragraph 8.

9.    Denied.

10.   Denied.

11.   Denied.

///

**SECOND CLAIM FOR RELIEF**

**(Infringement of the '997 Patent)**

12.   Mophie re-alleges and incorporates by reference its responses to each of the allegations set forth in paragraphs 1-6 above.

2

13.     Mophie admits only that U.S. Patent No. 7,612,997 ("'997 patent") entitled "Portable Electronic Device Case With Battery" was issued on November 3, 2009.  Mophie lacks information sufficient to form a belief concerning the true ownership of the '997 patent and, therefore, denies the remaining allegations of paragraph 13.

14.     Denied.

15.     Denied.

16.     Denied.

///

### THIRD CLAIM FOR RELIEF

### (Infringement of the '610 Patent)

17.     Mophie re-alleges and incorporates by reference its responses to each of the allegations set forth in paragraphs 1-6 above.

18.     Mophie admits only that U.S. Patent No. 7,782,610 ("'610 patent") entitled "Portable Electronic Device Case With Battery" was issued on August 24, 2010.  Mophie lacks information sufficient to form a belief concerning the true ownership of the '610 patent and, therefore, denies the remaining allegations of paragraph 18.

19.     Denied.

20.     Denied.

21.     Denied.

///

### FOURTH CLAIM FOR RELIEF

### (Infringement of the '498 Patent)

22.     Mophie re-alleges and incorporates by reference its responses to each of the allegations set forth in paragraphs 1-6 above.

23.     Mophie admits only that U.S. Patent No. 7,889,498 ("'498 patent") entitled "Portable Electronic Device Case With Battery" was issued on February 15, 2011.  Mophie lacks information sufficient to form a belief concerning the true ownership of the '498 patent and, therefore, denies the remaining allegations of paragraph 23.

3

24.     Denied.

25.     Denied.

26.     Denied.

27.     With respect to Plaintiff's prayer for relief, Mophie denies that Plaintiff is entitled to any infringement ruling, damages, injunction, delivery of goods, compulsory royalty, attorney's fees, enhanced damages, costs, interest or any other kind of relief.

///

## AFFIRMATIVE DEFENSES

1.     The complaint fails to state facts sufficient to constitute a claim upon which relief may be granted.

2.     Mophie has not infringed any claims of the '008, '997, '610 and '498 patents.

3.     The '008, '997, '610 and '498 patents are invalid for failure to comply with the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 115 and/or 116.

4.     By reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications for the '008, '997, '610 and '498 patents and the admissions and representations made by the named inventors and/or their patent attorney, Plaintiff is estopped to claim for the '008, '997, '610 and '498 patents a construction covering anything made or used by Mophie.

5.     On information and belief, Plaintiff has failed to mark commercial embodiments of a patented product in accordance with the provisions of 35 U.S.C. § 287.

6.     On information and belief, Plaintiff has come into Court in bad faith and with unclean hands. Plaintiff should therefore be estopped from obtaining equitable relief.

7.     On information and belief, Plaintiff is precluded from obtaining any relief in this action due to its misuse of the patents-in-suit.

8.     Mophie reserves the right to assert other affirmative defenses as grounds for such defenses are revealed in discovery.

////

///

4

# COUNTERCLAIMS

Defendant and Counterclaimant Mophie Inc. ("Mophie") complains of Counterdefendant Incase Designs, Inc. ("Incase") as follows:

////

A.    Jurisdiction and Venue

1.    Jurisdiction of this Court is invoked under the provisions of §§ 1337, 1338 and 2201 of Title 28, United States Code (28 U.S.C. §§ 1337, 1338, 2201) and Title 35, for declaratory relief. This court has pendent jurisdiction over the fifth claim for relief under the common law of the State of California because that fifth claim derives from a common nucleus of operative fact with the previous four claims for relief and it is appropriate that all of Mophie's counterclaims be tried in one judicial proceeding.

2.    On information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. § § 1331, 1332(a), 1391(b) and/or 1400 since Counterdefendant Incase transacts business in the Northern District of California and has availed itself of the jurisdiction of this Court.

///

B.    Parties

3.    Mophie is a California corporation.

4.    On information and belief, Incase transacts business in the Northern District of California and has availed itself of the jurisdiction of this Court.

///

## FIRST CLAIM FOR RELIEF
## DECLARATION OF PATENT INVALIDITY AND NON-INFRINGEMENT FOR THE '008 PATENT

5.    Counterdefendant Incase alleges that it is the sole owner of all right, title and interest to U.S. Patent No. 8,328,008 ("'008 patent") and has accused Mophie of infringing the '008 patent.

6.    Mophie believes and therefore alleges that the '008 patents is invalid and/or unenforceable against Mophie for any one or more of the reasons set forth in Mophie's Affirmative Defenses 1, 3-4 and 6-7.

MOPHIE'S ANSWER AND COUNTERCLAIMS FOR DECLARATORY JUDGMENT AND INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS
CASE NO.: 3:13-CV-00602-RS

7.      Mophie believes and therefore alleges that it has not infringed the '008 patent.

8.      Therefore, there exists an actual controversy between Mophie and Incase as to the validity, infringement and enforceability of the '008 patent with respect to which Mophie requests a declaratory judgment in its favor.

**SECOND CLAIM FOR RELIEF**
**DECLARATION OF PATENT INVALIDITY AND NON-INFRINGEMENT FOR THE '997 PATENT**

9.      Counterdefendant Incase alleges that it is the sole owner of all right, title and interest to U.S. Patent No. 7,612,997 ("'997 patent") and has accused Mophie of infringing the '997 patent.

10.      Mophie believes and therefore alleges that the '997 patent is invalid and/or unenforceable against Mophie for any one or more of the reasons set forth in Mophie's Affirmative Defenses 1, 3-4 and 6-7.

11.      Mophie believes and therefore alleges that it has not infringed the '997 patent.

12.      Therefore, there exists an actual controversy between Mophie and Incase as to the validity, infringement and enforceability of the '997 patent with respect to which Mophie requests a declaratory judgment in its favor.

**THIRD CLAIM FOR RELIEF**
**DECLARATION OF PATENT INVALIDITY AND NON-INFRINGEMENT FOR THE '610 PATENT**

13.      Counterdefendant Incase alleges that it is the sole owner of all right, title and interest to U.S. Patent No. 7,782,610 ("'610 patent") and has accused Mophie of infringing the '610 patent.

14.      Mophie believes and therefore alleges that the '610 patent is invalid and/or unenforceable against Mophie for any one or more of the reasons set forth in Mophie's Affirmative Defenses 1, 3-4 and 6-7.

15.      Mophie believes and therefore alleges that it has not infringed the '610 patent.

16.      Therefore, there exists an actual controversy between Mophie and Incase as to the validity, infringement and enforceability of the '610 patent with respect to which Mophie requests a declaratory judgment in its favor.

**FOURTH CLAIM FOR RELIEF**
**DECLARATION OF PATENT INVALIDITY AND NON-INFRINGEMENT FOR THE '498**
**PATENT**

17.     Counterdefendant Incase alleges that it is the sole owner of all right, title and interest to U.S. Patent No. 7,889,498 ("498 patent") and has accused Mophie of infringing the '498 patent.

18.     Mophie believes and therefore alleges that the '498 patent is invalid and/or unenforceable against Mophie for any one or more of the reasons set forth in Mophie's Affirmative Defenses 1, 3-4 and 6-7.

19.     Mophie believes and therefore alleges that it has not infringed the '498 patent.

20.     Therefore, there exists an actual controversy between Mophie and Incase as to the validity, infringement and enforceability of the '498 patent with respect to which Mophie requests a declaratory judgment in its favor.

///

**FIFTH CLAIM FOR RELIEF**
**INTENTIONAL INTERFERENCE WITH EXISTING BUSINESS RELATIONS**

21.     Mophie realleges and incorporates by reference paragraphs 1 through 20.

22.     Mophie has established valuable business relationships with customers and prospective customers for battery cases, tablet covers and other smartphone accessories. Mophie has incurred a significant amount of expense and expended many hours of effort to obtain the goodwill of these customers and prospective customers.

23.     On information and belief, Counterdefendant Incase has knowledge of these valuable business relationships.

24.     On information and belief, Counterdefendant Incase, without privilege or justification, intentionally interfered with these business relationships by, among other things, publicly accusing Mophie of infringing the patents-in-suit despite knowing that these patents-in-suit are invalid and/or not infringed.

25.     This intentional interference with Mophie's business relationships has caused substantial damage to Mophie.

7

26.    The conduct of Counterdefendant Incase constitutes intentional interference with Mophie's existing business relations.

///

WHEREFORE, Mophie prays that this Court order, adjudge and decree that:

(a) Plaintiff's First Amended Complaint be dismissed and that Incase take nothing with respect to its claims against Mophie in this action;

(b) U.S. Patent No. 8,328,008 is invalid, unenforceable and not infringed by Mophie;

(c) U.S. Patent No. 7,612,997 is invalid, unenforceable and not infringed by Mophie;

(d) U.S. Patent No. 7,782,610 is invalid, unenforceable and not infringed by Mophie;

(e) U.S. Patent No. 7,889,498 is invalid, unenforceable and not infringed by Mophie;

(c) Mophie be awarded compensatory damages, in an amount to be proven at trial, arising from the Counterdefendant Incase's intentional interference with Mophie's existing business relations;

(d) This is an exceptional case under 35 U.S.C. § 285 which entitles Mophie to an award of its reasonable attorney's fees;

(e) Mophie be awarded its costs of suit; and,

(f) Mophie be awarded such further relief as the Court may deem just.

///

Respectfully submitted,

**DUANE MORRIS LLP**

Dated: April 11, 2013         By:         /s/  Guy W. Chambers
_____
Guy W. Chambers
Attorney for Mophie, Inc.

DM2\4207762.1

8

MOPHIE'S ANSWER AND COUNTERCLAIMS FOR DECLARATORY JUDGMENT AND INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS
CASE NO.: 3:13-CV-00602-RS